Hon Jack E. Tanner



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v ) <br> ) <br> TA TONG MARINE CO LTD., ) <br> ) <br> Defendant ) <br> ) | NO CR03-5171JET <br><br> **PLEA AGREEMENT** |

The United States of America, by and through John McKay, United States Attorney for the Western District of Washington, Mark Chutkow, Assistant United States Attorney for said District, and James D. Oesterle, Special Assistant United States Attorney, and Defendant TA TONG MARINE CO LTD ("TA TONG MARINE"), by and through its attorney, Irwin H Schwartz, hereby enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11.

1  The Charges  Defendant, by and through its authorized representatives, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter pleas of guilty to the following Counts 1 and 3 contained in the Indictment  By entering this plea of guilty, TA TONG MARINE hereby waives all objections to the form of the charging document

a  Count 1 of the Indictment, charging TA TONG MARINE, by and through the actions of the vessel M/V GRAND GLORY's crew members, with knowingly and willfully using a false writing and document containing a materially false



PLEA
Ta Tor

CR 03-05171  #00000062



UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

statement concerning a matter within the jurisdiction of the United States Coast Guard, in violation of Title 18, United States Code, Sections 2 and 1001, and

      b     <u>Count 3</u> of the Indictment, charging TA TONG MARINE, by and through the actions of the vessel M/V GRAND GLORY's crew members, with knowingly failing to maintain an Oil Record Book in which all disposals of oil residue and all overboard discharges and disposals of bilge water were fully recorded, in violation of Title 33, United States Code, Section 1908(a) and Title 33, Code of Federal Regulations, Sections 151 25(a), (d) and (h)

2    <u>Elements of the Offenses</u>

      a     <u>Count 1</u>. The elements of the offense of using a false writing or document containing a materially false statement as charged in Count 1, in violation of Title 18, United States Code, Sections 2 and 1001, are as follows.

          (1) Defendant, by and through the actions of its agents and/or employees, used a writing or document which contained a false statement in a matter within the jurisdiction of the United States Coast Guard,

          (2) Defendant, by and through the actions of its agents and/or employees, acted willfully, that is deliberately and with knowledge that the writing or document was untrue; and

          (3) The writing or document was material to the United States Coast Guard's activities or decisions

      b     <u>Count 3</u>  To establish liability for the charged offense of violating the Act to Prevent Pollution from Ships as charged in Count 3, in violation of Title 33, United States Code, Sections 1308(a) and Title 33, Code of Federal Regulations, Sections 151.25(a), (d) and (h), the government must prove that the Defendant, by and through the actions of its agents and/or employees, knowingly failed to maintain an Oil Record Book in which all disposals of oil residue and all overboard discharges and disposals of bilge water were fully recorded

Under well-established principles of corporate liability and *respondeat superior*, as these principles apply in this case, the corporate defendant is liable for the actions of its agents and employees. *New York Central and Hudson River R.R v United States*,

PLEA AGREEMENT/No CR03-5171JET - 2
Ta Tong Marine Co , Ltd

UNITED STATES ATTORNEY
601 UNION STREET SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  212 U.S. 481, 495 (1909), *United States v Beusch*, 596 F.2d 871 (9th Cir. 1979),
2  *United States v Hilton Hotels Corporation*, 467 F 2d 1004-1007 (9th Cir. 1972)

3       3    The Penalties  TA TONG MARINE understands that the statutory penalties applicable to a corporate defendant for the offense of using a false statement in violation of Title 18, United States Code, Sections 2 and 1001, as charged in Count 1 of the Indictment, are as follows: a maximum fine of up to Five Hundred Thousand Dollars ($500,000), a term of probation of up to five (5) years, and a special assessment of Four Hundred Dollars ($400)  TA TONG MARINE understands that the statutory penalties applicable to a corporate defendant for the offense of failing to maintain an accurate Oil Record Book in violation of Title 33, United States Code, Section 1908(a) and Title 33, Code of Federal Regulations, Sections 151 25(a), (d) and (h) are as follows a maximum fine of up to Five Hundred Thousand Dollars ($500,000), a term of probation of up to five (5) years, and a special assessment of Four Hundred Dollars ($400)

       TA TONG MARINE further understands that, as to each count, it may be fined under the Alternative Fines Provision set forth in Title 18, United States Code, Section 3571(d), which provides "If any person derives pecuniary gain from the offense, or if the offense results in a pecuniary loss to a person other than the defendant, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss unless imposition of a fine under this subsection would unduly complicate or prolong the sentencing process "

       TA TONG MARINE agrees that should the Court accept the terms of this Plea Agreement, the monetary penalty imposed by the Court consistent with this Agreement, including the special assessments and the fines, shall be paid as follows

       a    All special assessments shall be paid in full at or before the time of sentencing,

       b    One half of the criminal fine shall be paid at or before the time of sentencing, and

PLEA AGREEMENT/No CR03-5171JET - 3
Ta Tong Marine Co , Ltd

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

        c    The balance of the criminal fine shall be paid in full no later than six (6) months following the time of sentencing. No interest will be charged for said six month period.

The payment of all monetary penalties imposed by the Court in this matter shall be secured by the Surety Bond for Release of Vessel signed and sealed on February 7, 2003. Upon TA TONG MARINE's payment of the first half of the fine and mandatory penalty assessments, the amount of the bond may be reduced to $375,000, i.e., the amount remaining to be paid.

4. <u>Rights Waived by Pleading Guilty</u>. TA TONG MARINE understands that, by pleading guilty, it knowingly and voluntarily waives the following rights:

    a.    The right to plead not guilty, and to persist in a plea of not guilty;

    b.    The right to a speedy and public trial before an impartial jury;

    c.    The right to the effective assistance of counsel at trial;

    d.    The right to be presumed innocent until guilt has been established at trial, beyond a reasonable doubt;

    e.    The right to confront and cross-examine witnesses against them at trial;

    f.    The right to compel or subpoena witnesses to appear on their behalf at trial; and

    g.    The right to appeal a finding of guilt or any pretrial rulings.

5. <u>Applicability of Sentencing Guidelines</u>. TA TONG MARINE understands and acknowledges that the United States Sentencing Guidelines promulgated by the United States Sentencing Commission are applicable to the sentencing in this case, except that pursuant to USSG §§ 8C2.1, Chapter 8 of the United States Sentencing Guidelines is not applicable to the determination of the appropriate fine in this case.

6. <u>Sentencing Agreement</u>. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the United States and TA TONG MARINE agree that the sentence to be imposed by the Court shall be as follows:

PLEA AGREEMENT/No. CR03-5171JET - 4
Ta Tong Marine Co., Ltd.

UNITED STATES ATTORNEY
601 UNION STREET SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

a.  <u>Fine</u>  TA TONG MARINE shall pay a fine in the amount of Three Hundred Seventy Five Thousand Dollars ($375,000) for Count 1 and Three Hundred Seventy Five Thousand Dollars ($375,000) for Count 3, due and payable in accordance with paragraph 3 above.

b  <u>Mandatory Special Assessment</u>.  TA TONG MARINE shall pay a special assessment of Four Hundred Dollars ($400) for Count 1 and Four Hundred Dollars ($400) as to Count 3.

c  <u>Probation</u>  TA TONG MARINE will be placed on organizational probation for a period of four years pursuant to USSG §§ 8D1 1 and 8D1.2.  The terms of probation shall be.

(1)  <u>No Further Violations</u>  TA TONG MARINE agrees that it shall commit no further violations of federal, state or local law, including those laws and regulations for which primary enforcement has been delegated to state authorities, and shall conduct all its operations in accordance with the MARPOL Protocol

(2)  <u>Environmental Management System/Compliance Plan</u>  TA TONG MARINE agrees to develop, adopt, implement and fund a comprehensive Environmental Management System/Compliance Plan ("EMS") during its term of probation, consistent with sentencing policies set forth in USSG § 8D1 4  Development and implementation of the EMS shall be in conformance with paragraph 7 below

The EMS will establish that: all environmental and related operational risks have been identified, such risks are being appropriately managed and potential risks are being avoided, all international, federal, state and local laws, regulations, and environmental permit requirements are being adhered to, appropriate policies, programs and procedures are in place; organizational responsibilities are clearly defined, understood and implemented; environmental quality control assurance and verification systems are in place, as determined by appropriate self-policing and third-party audits, company operations, including contractor operations and on-site service provider operations, do not

PLEA AGREEMENT/No  CR03-5171JET - 5
Ta Tong Marine Co , Ltd

UNITED STATES ATTORNEY
601 UNION STREET  SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  present actual risks to the environment  TA TONG MARINE shall ensure that the
2  environmental compliance program is diligently enforced by its officers and managers

3  TA TONG MARINE shall be responsible for all costs associated with the
4  development, implementation, maintenance and monitoring of the EMS.

5  During the period of probation, an independent auditor shall monitor and ensure
6  TA TONG MARINE's compliance with the Plea Agreement and probation conditions
7  and the development, implementation and maintenance of the EMS in accord with the
8  Standards and Requirements filed with the Court  The independent auditor will be
9  approved by the Court, United States Attorney's Office, and United States Coast Guard
10 TA TONG MARINE will provide a name to the United States for consideration  If it is
11 not acceptable to the United States, then TA TONG MARINE will provide the United
12 States with another name  Once a proposed candidate is agreed upon by the parties, the
13 parties will file a stipulation and proposed order regarding that candidate for the Court's
14 approval  TA TONG MARINE will assume all costs and expenses associated with the
15 employment and expenses of the auditor  TA TONG MARINE agrees to provide the
16 auditor with unrestricted access to all vessels listed in the EMS, to all facilities,
17 employees, documents and computers, relevant to monitoring of the vessels listed in the
18 EMS, and to facilitate access to contractors and contractor employees in respect thereto
19 All reports issued by the auditor will be filed with the Court by the auditor  The auditor
20 will deliver copies at the same time to the Probation Office, the United States Attorney's
21 Office and counsel for TA TONG MARINE CO., LTD.

22 TA TONG MARINE agrees that during the period of probation, and at all
23 reasonable times and with as reasonable prior notice by the United States as practicable,
24 they will provide the United States with full access to its vessels listed in the EMS, as
25 well as, all facilities, employees, and records that are relevant to monitoring compliance
26 with the terms and conditions of the EMS

27 If TA TONG MARINE changes its name, the renamed company shall be obliged
28 to meet all of the obligations of TA TONG MARINE CO , LTD  under this agreement

PLEA AGREEMENT/No  CR03-5171JET - 6
Ta Tong Marine Co , Ltd

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

If TA TONG MARINE merges with another company through a stock or asset purchase, the newly created or merged company shall be obliged to meet all of the obligations of TA TONG MARINE under this agreement with regard to those vessels managed by TA TONG MARINE at the date of the merger

The parties recognize that during the term of probation, the number and identity of vessels managed by TA TONG MARINE may increase or decrease   Any vessel the management of which is assumed by TA TONG MARINE shall be included within the scope of its EMS   Any vessel removed from management by TA TONG MARINE shall be excluded from the scope of its EMS

      d   <u>Community Service</u>   The parties agree that the United States reserves its right to petition the Court at or before the time of sentencing to apply a portion of the criminal fine to perform community service pursuant to USSG § 8B1.3 and in furtherance of the sentencing principles provided in 18 U S C  § 3553(a), for the purpose of funding one or more projects for the benefit, preservation, and restoration of the environment and ecosystems in the waters of the United States adjoining the coastline of Washington State

   7   <u>Environmental Management System/Compliance Plan</u>   The parties shall negotiate in good faith the Standards and Requirements for the EMS required by paragraph 6(c)(2) above   The parties shall submit an agreed EMS to the United States Probation Department no later than thirty (30) days prior to the date of sentencing   In the event that the parties cannot agree to the Standards and Requirements, the United States and TA TONG MARINE shall submit separate proposals to the United States Probation Department no later than thirty (30) days prior to the date of sentencing   The Court shall select the final Standards and Requirements at the time of sentencing based on input from the parties and the recommendation of the United States Probation Department   The final EMS shall be filed with the Court on or before the date of sentencing

   8   <u>Application of the Agreement</u>   This Agreement shall bind TA TONG MARINE and such other companies as may be included in paragraph 6, above

PLEA AGREEMENT/No  CR03-5171JET - 7
Ta Tong Marine Co , Ltd

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

1  TA TONG MARINE shall provide the United States Attorney's Office for the Western
2  District of Washington and the United States Probation Office for the Western District of
3  Washington with immediate notice of any name change, business reorganization, sale or
4  divestiture impacting its ability to pay the fine or affecting this Agreement and the EMS
5  TA TONG MARINE shall not engage in any action to seek to avoid the obligations and
6  conditions set forth in this Agreement.

7      9    **Statement of Facts**   The parties agree on the following facts in support of
8  TA TONG MARINE's guilty pleas   TA TONG MARINE admits that it is guilty of
9  Counts 1 and 3 as charged in the Indictment

   *A   Background*

    Defendant TA TONG MARINE CO , LTD is a ship management company, incorporated and headquartered in Taiwan   Acting both directly and through its agents, the Defendant manages four ocean going vessels, including bulk cargo ships that transport goods around the world, including to and from United States ports.  The Defendant contracts with manning agents to supply crews for the vessels that it manages.

    One of the marine vessels the Defendant manages is the Motor Vessel ("M/V") GRAND GLORY, a Panamanian flagged vessel owned by Croydon Shipping Limited   The M/V GRAND GLORY made a number of port calls in the United States, including ports in the Western District of Washington, during the 18 months that the vessel has been in service.

    The M/V GRAND GLORY typically operates with a crew of approximately twenty seamen   Nine seamen of different rank work in the vessel's engine room, including a Chief Engineer, a First Engineer, a Second Engineer, a Third Engineer, a Fitter, and four Oilers   The Chief Engineer has overall responsibility for engine room operations and reports directly to the Captain, who is responsible for all vessel operations   Each Engineer is paired with one Oiler and together they each work two (2) four-hour shifts per day

    Large ocean going vessels, like the M/V GRAND GLORY, produce oily wastes as a result of the machinery operations in the engine room.  Some of the oily wastes, together with water and other liquids, accumulate in the bottom or "bilges" of the vessel.  This waste liquid typically drains into the "bilge wells," small compartments set into the bottom of the engine room compartment   The bilge waste is then collected and run through various processes designed to separate the oil and other wastes from the water   These processes include settling tanks and an "Oil Water Separator" (also known as a "Bilge Water Separator"), a pollution control device designed to remove or separate out oil   After processing by the Oil Water Separator, bilge water containing very small amounts of oil may be legally discharged overboard   Oil removed from the bilge waste, along with other oily wastes generated on the vessel, are stored in tanks   Some vessels burn the oily wastes in an incinerator or in the vessel's auxiliary boiler.  Oil contaminated bilge waste and other oily wastes, including sludge, may also be off-loaded while the vessel is in port and properly disposed of onshore

PLEA AGREEMENT/No CR03-5171JET - 8
Ta Tong Marine Co , Ltd

UNITED STATES ATTORNEY
601 UNION STREET SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

The MARPOL Protocol, an international treaty implemented in the United States by the "Act to Prevent Pollution from Ships" ("APPS"), 33 U.S.C. 1901, *et seq*, requires that each oil tanker of 150 gross tons or more, or non-tanker vessels of more than 400 gross tons, maintain an "Oil Record Book" (also known as the "ORB") All transfers of oil, disposal of sludge and bilge water, incineration of oily wastes, and overboard discharges of bilge water that have accumulated in machinery spaces and are thus contaminated with oil, must be fully recorded in the ORB. 33 C F R § 151 25(d) The Captain of the ship must sign every completed page of the Oil Record Book. 33 C F R § 151 25(h) The Oil Record Book must be maintained on board for not less than three years and must be readily available at all reasonable times

The regulations authorize the U.S. Coast Guard to board and inspect all vessels in United States ports to determine compliance with federal regulations and the MARPOL Protocol. 14 U S C. § 89, 33 C F R § 151 25 The inspection typically includes an examination of the ORB The U S Coast Guard relies upon the accuracy of information contained in the ORB to assist in assessing the vessel operator's compliance with all applicable rules and regulations

*B Factual Basis For Plea*

After boarding the M/V GRAND GLORY in July 2002, Chief Engineer Wang Ki learned from the ship's previous Chief Engineer that engine crew members on the M/V GRAND GLORY had been using a three-way flexible hose (hereafter, "bypass hose") to discharge the ship's oily wastes overboard into the ocean Soon thereafter, Chief Engineer Wang discovered that the ship's waste oil (sludge) tank contained almost twenty (20) tons of oily wastes. The bilge tank's capacity is 36 6 tons and the waste oil tank's capacity is 26 7 tons Total capacity for holding oily waste is 62 3 tons.

Beginning in or about August 2002, Chief Engineer Wang instructed engine room crew members onboard the M/V GRAND GLORY to attach two of the flange connections on the bypass hose to the discharge side of the vessel's bilge pump and sludge pump The remaining flange on the bypass hose was attached to an overboard discharge valve on the vessel Once connected, the pumps were activated, discharging oily wastes, including sludge and bilge water, through the hose directly overboard into the ocean The bypass hose remained attached during several voyages while the M/V GRAND GLORY transited between commercial ports Engine room crew members detached the bypass hose before the M/V GRAND GLORY arrived in ports, with Chief Engineer Wang's knowledge and approval Chief Engineer Wang knew that it was unlawful to discharge untreated oily waste overboard into the ocean and that the United States Coast Guard enforced international and U S prohibitions against this type of pollution

On or about February 3, 2003, the M/V GRAND GLORY arrived at the Port of Vancouver in Vancouver, Washington. U.S. Coast Guard inspectors boarded the vessel in connection with a Port State Control inspection to assess compliance with international and federal maritime rules and regulations. In accordance with standard examination procedures, Coast Guard inspectors examined the Oil Water Separator, associated piping and valves, the ship's various fuel and waste tanks, and the vessel's operating records, including the Oil Record Book

The Oil Record Book presented to the inspectors during their investigation was materially false and fraudulent in that it (i) contained false representations that oily waste from the ship had been incinerated and transferred to certain waste oil tanks for incineration; and (ii) omitted entries regarding overboard discharges of oily waste that occurred without using the Oil Water Separator, a pollution prevention device These materially false entries, omissions and misrepresentations were intended to create the

PLEA AGREEMENT/No CR03-5171JET - 9
Ta Tong Marine Co , Ltd

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE, WASHINGTON 98101 3903
(206) 553-7970

overall false impression that the vessel was properly handling its oily wastes and that the Oil Record Book was being properly maintained

TA TONG MARINE, by and through the actions of the vessel's crew, is deemed to have vicariously known at the time the entries in the Oil Record Book were presented to the U S Coast Guard inspectors that the entries were false and that, in truth and in fact, oily wastes were not incinerated, but were discharged overboard into the ocean, without the use of the ship's pollution prevention equipment. Moreover, TA TONG MARINE, by and through the actions of the vessel's crew, is deemed to have vicariously known that these false entries and omissions were material to the enforcement and regulatory duties of the U S Coast Guard

TA TONG MARINE, by and through the actions of the vessel's crew, is also deemed to have vicariously known that the crew of the M/V GRAND GLORY knowingly failed to maintain an Oil Record Book for the M/V GRAND GLORY in which all disposals of oil residue and all overboard discharges and disposal of bilge water were fully recorded.

10    **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement and solely because of the promises made by TA TONG MARINE in this Agreement, the United States Attorney's Office for the Western District of Washington agrees to dismiss Count 2 of the Indictment at the time of sentencing and not to prosecute TA TONG MARINE for any additional offenses that arise out of the conduct giving rise to this investigation for which the United States Attorney's Office for the Western District of Washington currently has information

Nothing contained in this Agreement is meant to limit the rights and authority of the United States to take further civil or administrative action against TA TONG MARINE, including but not limited to, any listing and debarment proceedings to restrict rights and opportunities of TA TONG MARINE to contract with or receive assistance, loans, and benefits from United States agencies   The parties agree, however, that the United States Coast Guard will not pursue any civil penalties based upon the subject matter of this Agreement and will return the original letter of undertaking to TA TONG MARINE upon entry of the guilty pleas

This plea agreement does not limit the right of TA TONG MARINE or the United States to speak at the time of sentencing or in connection with the presentence investigation, consistent with the provisions set forth in this plea agreement, to provide the Court or the United States Probation Office with evidence of all relevant conduct

PLEA AGREEMENT/No CR03-5171JET - 10
Ta Tong Marine Co , Ltd

UNITED STATES ATTORNEY
601 UNION STREET, SUITE 5100
SEATTLE WASHINGTON 98101-3903
(206) 553-7970

committed by TA TONG MARINE  The parties agree that at sentencing each will support the agreed disposition set forth in this Plea Agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C)

11. <u>Corporate Authorization</u>  TA TONG MARINE represents that it is authorized to enter into this Agreement.  On or before the date of entry and filing of the Plea Agreement, TA TONG MARINE shall provide to the United States and the Court a written statement  under corporate seal, certifying that TA TONG MARINE CO , LTD. is authorized to enter into and comply with all of the provisions of this Plea Agreement  The resolutions further shall authorize TA TONG MARINE's counsel to take these actions, and that all corporate formalities for such authorizations have been observed

12. <u>Waiver of Appeal</u>  TA TONG MARINE is aware that 18 U.S.C. § 3742 gives the right to appeal the sentence to be imposed, and that other federal statutes give TA TONG MARINE the right to appeal other aspects of the conviction  In consideration of the agreement of the United States as set forth herein, TA TONG MARINE knowingly and voluntarily agrees to waive the following rights:

a  The right, conferred by 18 U S C. § 3742, to appeal any sentence imposed by the Court for the conviction of these offenses, except if the sentence imposed varies from that agreed upon above under Rule 11(c)(1)(C),

b  The right to appeal any aspect of TA TONG MARINE's conviction, including any pre-charge or pre-trial dispositions of motions or other issues, and

c  The right to bring any collateral attack against TA TONG MARINE's conviction or sentence, except as it may relate to the effectiveness of its legal representation or as permitted under subparagraph (a) above.

13  <u>Voluntariness of the Plea</u>  TA TONG MARINE acknowledges that it has entered into this Plea Agreement freely and voluntarily and that it has been fully advised by counsel, and that no threats or promises were made to induce it to enter into the guilty pleas called for by this Agreement

PLEA AGREEMENT/No CR03-5171JET - 11
Ta Tong Marine Co , Ltd

UNITED STATES ATTORNEY
601 UNION STREET SUITE 5100
SEATTLE WASHINGTON 98101-3903
(206) 553-7970

14. <u>Statute of Limitations</u>   In the event that this Agreement is not accepted by the Court for any reason, or TA TONG MARINE has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to (1) 30 days following the date of non-acceptance of the Plea Agreement by the Court, or (2) 30 days following the date on which a breach of the Plea Agreement by TA TONG MARINE is discovered by the United States Attorney's Office.

15   <u>Completeness of Agreement</u>.  The United States and TA TONG MARINE acknowledge that these terms constitute the entire Plea Agreement between the parties  This Agreement only binds the United States Attorney's Office for the Western District of Washington  and the United States Coast Guard  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor, except as provided herein

Dated this 14th day of April, 2003

FOR THE UNITED STATES

*/s/ Floyd G. Short*
FLOYD G. SHORT
Assistant United States Attorney

*/s/ Mark Chutkow*
MARK CHUTKOW
Assistant United States Attorney

*/s/ James D. Oesterle*
JAMES D. OESTERLE
Special Assistant United States Attorney

FOR DEFENDANTS:

*/s/*
TA TONG MARINE CO., LTD.
by I.H. Schwartz

*/s/*
IRWIN H SCHWARTZ
Counsel for TA TONG MARINE CO., LTD

PLEA AGREEMENT/No CR03-5171JET - 12
Ta Tong Marine Co , Ltd

UNITED STATES ATTORNEY
601 UNION STREET  SUITE 5100
SEATTLE, WASHINGTON 98101-3903
(206) 553-7970

car

United States District Court
for the
Western District of Washington
April 15, 2003

* * MAILING CERTIFICATE OF CLERK * *

Re: 3:03-cr-05171

True and correct copies of the attached were mailed by the clerk to the following:

    James D Oesterle, Esq.
    US ENVIRONMENTAL PROTECTION AGENCY
    1200 6TH AVE
    SEATTLE, WA  98101
    FAX 553-0163

    Mark D Chutkow, Esq.
    US ATTORNEY'S OFFICE
    STE 5100
    601 UNION ST
    SEATTLE, WA  98101-3903
    FAX 553-2502

    USPO - Tacoma
    US PROBATION OFFICE
    ROOM 1310
    1717 PACIFIC AVE
    TACOMA, WA  98402-3231
    FAX 1-253-593-6378

    Irwin H  Schwartz, Esq.
    THE IRWIN SCHWARTZ LAW OFFICES
    710 CHERRY STREET
    SEATTLE, WA  98104
    FAX 623-5951